**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MATTHEW RAY RILEY, )<br>)<br>      Petitioner, )<br>)<br>v. )<br>)<br>JANICE MELTON, Warden, )<br>)<br>      Respondent. ) | Case No. 06-CV-0477-CVE-FHM |

## OPINION AND ORDER

Before the Court are Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 11) and Petitioner's motion for summary judgment (Dkt. # 14). Respondent's motion to dismiss is premised on 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year limitations period on habeas corpus petitions. Petitioner, a state inmate appearing *pro se*, filed a response to the motion to dismiss (Dkt. # 13). In his motion to grant summary judgment, Petitioner asserts that the "Court is in violation of the allotted time frame and has not been asked nor been granted an 'Extension of Time' to dispose of his claim." (Dkt. # 14). As a result, Petitioner alleges that he is entitled to judgment. (Id.) For the reasons discussed below, the Court finds Petitioner failed to seek habeas corpus relief prior to expiration of the limitations period. Therefore, Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice. Petitioner's motion for summary judgment shall be declared moot.

### *BACKGROUND*

On June 2, 2003, Petitioner was convicted on his pleas of guilty of Assault and Battery With a Dangerous Weapon (Count I), First Degree Burglary (Count II), and Cruelty to Animals -- Beating (Count III), in Tulsa County District Court, Case No. CF-2003-1142. See Dkt. # 12, Ex. 1. He was

sentenced that date to seven (7) years imprisonment on Count I, twenty (20) years imprisonment on Count II, and two (2) years imprisonment on Count III, all to be served concurrently. (Id.) He was also ordered to pay fines and court costs. (Id.) Petitioner did not move to withdraw his guilty pleas and did not otherwise perfect an appeal to the Oklahoma Court of Criminal Appeals ("OCCA").

On May 7, 2004, Petitioner filed a motion for judicial review of his sentence pursuant to Okla. Stat. tit. 22, § 982a. See Dkt. # 12, Ex. 1 at 6. On June 1, 2004, the state district court held a hearing on Petitioner's motion. On that date, the request for sentence modification was granted and Petitioner's sentence on Count II was reduced from twenty (20) years imprisonment to eleven (11) years imprisonment, followed by nine (9) years suspended. See id. Petitioner's sentences on Counts I and III were not modified. Id.

More than one (1) year later, on July 1, 2005, Petitioner filed an application for post-conviction relief. See Dkt. # 12, Ex. 1 at 7. By order mailed to Petitioner on August 4, 2005, the request for post-conviction relief was denied. Id. Petitioner appealed the district court's order denying post-conviction relief to the OCCA. By Order filed November 18, 2005, in No. PC-2005-798, the OCCA affirmed the state district court's denial of post-conviction relief. See www.oscn.net. Petitioner filed his federal petition for writ of habeas corpus on July 26, 2006. See Dkt. # 1.

## *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), and (D). In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of 28 U.S.C. § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Because Petitioner failed to file a motion to withdraw his guilty pleas, his convictions became final ten (10) days after pronouncement of his Judgment and Sentence, or on June 12, 2003. See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw guilty plea within ten (10) days from the date of the pronouncement of the Judgement and Sentence in order to commence an appeal from any conviction of a plea of guilty); see also Fisher v. Gibson, 262 F.3d

1135, 1142 (10th Cir. 2001) (holding that for purposes of the limitations period under 28 U.S.C. § 2244(d), an Oklahoma conviction following a guilty plea became final ten days after entry of the judgment and sentence when the defendant failed to file a motion to withdraw plea). Therefore, Petitioner's one-year limitations clock began to run on June 12, 2003, and, absent a tolling event, a federal petition for writ of habeas corpus filed after June 12, 2004, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003).

Although the limitations period would be tolled during the time when Petitioner had "a properly filed application for State post-conviction or other collateral review" pending in the state courts, § 2244(d)(2), the Court finds that in this case, Petitioner did not file an application for post-conviction relief during the one year limitations period which ended on June 12, 2004. The motion for sentence modification was filed on May 7, 2004, or before the limitations deadline, but it was not a "post-conviction proceeding" for purposes of tolling the AEDPA limitations period. See Nicholson v. Higgins, 147 Fed.Appx. 7, 8 n. 2 (10th Cir. 2005) (determining that because motions for judicial review, filed pursuant to Okla. Stat. tit. 22, § 982a, seek discretionary review and their denial is not appealable, they cannot be construed as applications for post-conviction relief and do not toll the limitations period under § 2244(d)(2)).

In addition, Petitioner's application for post-conviction relief does not toll the limitations period because it was filed on July 1, 2005, or more than a year after the limitations period had already expired on June 12, 2004. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Only post-conviction applications properly filed during the one year limitations period can toll the running of the period. Moore v. Gibson, 250 F.3d 1295, 1298-99 (10th Cir. 2001).

4

Therefore, unless Petitioner demonstrates that he is entitled to other statutory or equitable tolling of the limitations period, his petition, filed July 26, 2006, or more than two (2) years after expiration of the limitations period, is clearly untimely.

In response to the motion to dismiss, see Dkt. # 13, Petitioner argues that pursuant to Ahhaitty v. State, 715 P.2d 82 (Okla. Crim. App. 1986), his convictions did not become final under state law until 6 months passed with no challenge. The Court finds, however, that Petitioner's reliance on Ahhaitty is misplaced. In that case, the OCCA addressed the issue of when a prior conviction becomes final for enhancement of punishment in a subsequent trial and held that "[w]hen an appeal has not been perfected within six months of the judgment and sentence as provided by law, that judgment and sentence may be used to enhance punishment in a subsequent trial under 21 O.S.1981, § 51."[1] Id. at 84. In contrast, the Court in the instant case is not concerned with finality for the purpose of punishment enhancement. Instead, the Court must determine when Petitioner's convictions on his pleas of guilty became final for purposes of the federal limitations period under 28 U.S.C. § 2244(d)(1)(A). As discussed above, it is well established that for purposes of the limitations period under 28 U.S.C. § 2244(d)(1)(A), an Oklahoma defendant's conviction obtained on a plea of guilty becomes final ten days after entry of the judgment and sentence should he fail to

---

[1] The Court notes that the six (6) month time period discussed in Ahhaitty has been superseded by amendments to the statutes governing appeals in Oklahoma. Under current Oklahoma law, an appeal from a conviction by trial is commenced by the filing of a written notice of intent to appeal and a designation of record within ten (10) days from the date of the Judgment and Sentence. See Rule 2.1(B), *Rules of the Oklahoma Court of Criminal Appeals*. In addition, an appeal from any misdemeanor or felony conviction, except capital cases, must be perfected by the filing of the petition in error, original record, transcripts and evidence within ninety (90) days from the date the Judgment and Sentence is pronounced. See Rule 1.4(A), *Rules of the Oklahoma Court of Criminal Appeals*; Okla. Stat. tit. 22, § 1054 (2001). Separate procedures governing appeals by *certiorari* from pleas of guilty or *nolo contendere* are found in Section IV, *Rules of the Oklahoma Court of Criminal Appeals*.

file a motion to withdraw guilty plea. Fisher v. Gibson, 262 F.3d 1135, 1142 (10th Cir. 2001) (citing Rule 4.2, *Rules of the Oklahoma Court of Criminal Appeals*). Therefore, the Court finds Petitioner's argument based on Ahhaitty has no merit.

Petitioner also asserts in his response to the motion to dismiss that "he has collaterally attacked and exhausted state remedies which ended on Nov. 22, 2005 this would clearly establish a date of finality in the state level and grant petition a 1-yr. Time-limit from that date." (Dkt. # 13). Petitioner appears to argue that his one-year limitations period did not begin to run until after he exhausted state remedies when the OCCA affirmed the denial of post-conviction relief. The Court rejects that argument. As discussed above, the one-year limitations period is tolled, or suspended, during the pendency of an application for post-conviction relief filed during the limitations period. 28 U.S.C. § 2244(d)(2). Events triggering commencement of the limitations period, however, are defined in 28 U.S.C. § 2244(d)(1). None of the four (4) circumstances listed in that subsection provides that the one-year period begins to run when a petitioner has exhausted state remedies via post-conviction as argued by Petitioner. Therefore, Petitioner's contention that his one-year time period did not begin until November 22, 2005, is incorrect. Instead, Petitioner's one-year period began when his convictions "became final by the conclusion of *direct* review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (emphasis added). As determined above, Petitioner's convictions became final on June 12, 2003, after he failed to file a motion to withdraw his pleas of guilty within ten (10) days of the pronouncement of the Judgment and Sentence on June 2, 2003. Petitioner's deadline for filing a timely habeas petition was June 12, 2004.

The Court recognizes that the statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling, where extraordinary circumstances beyond

the prisoner's control prevent him from timely filing his petition, but the prisoner must demonstrate he has diligently pursued his claims to avail himself of equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). In this case, Petitioner has not argued that he is entitled to equitable tolling and the record contains nothing to suggest "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808 (finding that AEDPA's statute of limitations is subject to equitable tolling in "rare and exceptional circumstances"). Petitioner simply did not pursue his federal claims diligently. As a result, Petitioner is not entitled to equitable tolling.

## *CONCLUSION*

Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period. Therefore, Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 11) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice.**

3. Petitioner's motion for summary judgment (Dkt. # 14) is **declared moot**.

4. A separate judgment shall be entered in this matter.

**DATED** this 27th day of July, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT